MARY LUCY v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

January 28, 1896.

Nos. 9778—(284).

Carriers—Protection of Passengers—Damages.

In an action by a passenger against a common carrier for damages for failing to exercise proper police powers to protect her, and by reason of which a drunken and disorderly fellow passenger used towards her vile and abusive language, *held*, the verdict is sustained by the evidence, and not so excessive that this court ought to set it aside after the court below had held it not excessive.

[1] Reported in 65 N. W. 944.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Affirmed.

*Dan. W. Lawler*, for appellant.

*S. L. Pierce*, for respondent.

CANTY, J. Plaintiff, with her husband, was a passenger on defendant's suburban railway train, which runs from St. Paul to South St. Paul. It was a late evening train, and, while they were waiting for it in the little station or waiting room at Jackson street, a drunken man with a jug of whisky in his hand came into the room, and used such abusive language that the ladies all left the room and waited for the train out of doors. When the train arrived, plaintiff took one car, and her husband took the smoking car just ahead of it. The drunken man, with his jug in his hand, boarded the car in which plaintiff was, went up and down the aisle, and sat in a seat in front of plaintiff, who knew him "by sight," but was not personally acquainted with him. He then commenced to abuse her, called her foul names, and used such abusive language towards her that she and most of the other ladies in the car left it. The plaintiff brought this action to recover damages for defendant's negligence in failing to protect her from insult while a passenger, and recovered a verdict for the sum of $250. From an order denying its motion for a new trial, defendant appeals.

1. The law is well settled that it is the duty of a common carrier to use the highest degree of care reasonably practicable in exercising police power to protect its passengers from insult and injury by fellow passengers. Mullan v. Wisconsin Central Co., 46 Minn. 474; 49 N. W. 249. This is not controverted by appellant, but it is urged that the evidence does not show that appellant did not use all the care which the law requires. We are of the opinion that, under the evidence, it was a question for the jury whether or not such care was used.

It is true that it does not appear that appellant had any agent or other employé stationed at this waiting room; but, on the contrary, the evidence tends to prove that it had not. Neither are we inclined to hold that it was its duty to have any employé sta-

tioned there for the protection of passengers. This service was little, if anything, more than that furnished by ordinary street railways, in connection with which similar waiting rooms, or no waiting rooms at all, are used at street crossings or intersections.

Then, we cannot hold that the appellant received any notice of this drunken passenger's actions at the waiting room, and it does not appear that the conductor on the train was ever informed of those actions. Neither can we hold that it is the duty of a common carrier to eject a drunken passenger who is otherwise entirely inoffensive. Then, we cannot hold that it was the duty of the conductor to eject this passenger until after he had commenced his vile abuse of the plaintiff, and the conductor had learned of it, or, in the exercise of the proper degree of care, should have learned of it; and the defendant is liable only for compensatory damages for the subsequent abuse which might, with such care, have been prevented. The train was crowded, and the conductor was for a part of the time in some of the other cars collecting fares; but it appears that, after he came into this car and was informed of this passenger's actions, he did not interfere, but went on collecting tickets, and that this passenger called plaintiff names afterwards, and continued to abuse her.

We are of the opinion that there is evidence tending to prove that the conductor could and should have prevented some of this abuse, and that a verdict for plaintiff for some amount was justified by the evidence. The fact that the 'drunken passenger would reach his destination and leave the train in a very few minutes, and the claim that it might cause considerable more disturbance to attempt to eject him before than to let him ride to his destination, were all matters for the jury to consider.

2. It is contended that the verdict is excessive. The plaintiff testified: "I was very delicate and nervous, and had been under the doctor's care for a good many years; and I was not fit to be excited, and it affected my nerves so I was sick a long while afterwards. * * * Q. Well, how did it affect you? A. Affected my nerves, so I couldn't rest at night, or the next day at all, but just thinking of it, and deathly sick all the way through." Another witness testified that, after the occurrence, plaintiff "felt very poorly. She was sick,—nervous all the week. Seemed to be in

distress.   Sleepless." This is all the evidence as to the extent of
the injury plaintiff received.   Neither does it appear but what
plaintiff would have received a part of this injury, even if the con-
ductor and defendant had used, to protect her, the utmost care
and diligence which the law requires.   Under these circumstances
we feel that the verdict is decidedly large, and that a person who
should, in proportion, receive compensation for a physical injury
confining him to his bed for a few months, and causing him severe
pain during the time, might receive much more than any court
would allow.   But the majority of the court are of the opinion
that the verdict is not so excessive that it should be set aside by
this court after the court below has passed on the question and
held the verdict not excessive.   Of course, if the action was against
the drunken passenger himself no nice question of this kind would
arise, as the plaintiff would, as against him, be entitled, not only
to full compensatory damages for all his acts, but, in the discre-
tion of the jury, to punitive damages also.

Order affirmed.