## W. B. G. JANSEN v. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.[1]

December 9, 1910.

Nos. 16,745—(102).

**Carrier — assault by one passenger on another.**

Under the doctrine of implied police power, a common carrier is bound to exercise the utmost diligence in maintaining order and in guarding its passengers against assaults by other passengers which might reasonably be anticipated or naturally expected to occur.

**Damages for mental suffering.**

Not only bodily pain, but mental suffering, anxiety, suspense, and the sense of wrong from insult, connected with bodily injury, may be considered as an element of the injury, for which damages for compensation may be allowed.

**Verdict not excessive.**

Under the facts of this case, a verdict of $200, as reduced by the trial court, is not excessive.

Action in the municipal court of Minneapolis to recover $500 for assault. The case was tried before Charles L. Smith, J., and a jury, which returned a verdict in favor of plaintiff for $300. From

[1]Reported in 128 N. W. 826.

---

[Note]  As to carrier's duty to protect passenger from assault by fellow passenger, see note in 16 L.R.A. 627.

an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, if plaintiff consented to a reduction of the verdict to $200, it appealed. Affirmed.

W. H. Bremner and George W. Seevers, for appellant.

Eliza P. Evans, for respondent.

LEWIS, J.

The complaint alleges that, while respondent was being carried in appellant's railway passenger train, a drunken man, whose name was unknown to respondent, assaulted, struck, and abused him; that respondent appealed to the conductor in charge of the train for assistance and protection, but he wrongfully and unlawfully declined and refused to interfere or in any manner assist to protect respondent against the treatment of the unknown man, which treatment continued for a long time after the conductor was appealed to. The jury returned a verdict for $300, and the court filed an order granting a new trial unless respondent should accept the sum of $200 in lieu of the amount returned by the verdict. Respondent accepted the reduction, and appeal was taken from the order denying the motion for judgment notwithstanding the verdict or for a new trial.

Appellant offered no evidence, and that offered in behalf of respondent was to the effect that respondent, who is an elderly Catholic priest, boarded the smoking car of appellant's train at Excelsior for the purpose of riding to Minneapolis. While he was in the act of closing the door, an intoxicated man, who was one of the passengers, slapped him over the head with his hat and hand. Respondent pushed him to one side, and took the only vacant seat, which was near the middle of the car. The conductor came through immediately after to collect fares, and respondent complained of what had occurred, whereupon the conductor replied, "What can you do when the party has the whiskey in him?" and then went back to the baggage car, without saying anything to the intoxicated person. After a little while the attack was repeated, and again a third time, and some of the passengers seemed to consider it a joke, and laughed at

112 M.—32.

the performance, until some friends of respondent in another part of the car were attracted and stopped the disorder.

Appellant claims that it owed no duty to respondent under the circumstances, and relies upon the case of Mullan v. Wisconsin Central Ry. Co., 46 Minn. 474, 49 N. W. 249. It was there said that railway carriers are bound to exercise the highest degree of care and diligence in the conduct and management of their business to prevent accidents or injuries to passengers on their trains, and that in respect to the danger of injuries from the misconduct of fellow passengers the obligation of the carrier is qualified or limited by the nature of its relation to the passenger; that it must exercise the greatest diligence consistent with its obligations to the public and all the passengers, and neglect no reasonable precaution to protect passengers from insult or injury from its servants or fellow passengers; but as respects passengers there is no such privity between them and the carrier as to make the latter directly liable for their wrongful acts, and it can only interfere under an implied police power to prevent an abuse of their privileges as passengers; that the carrier is bound to exercise the utmost diligence in maintaining order and guarding the passengers against violence, from whatever source arising, which might reasonably be anticipated or naturally be expected to occur, in view of all the circumstances and the number and character of the persons on board. This, no doubt, is a correct statement of the principles of law applicable in such cases; but in that case the trial court was justified in dismissing it, for the reason that the plaintiff provoked the attack which resulted in his being assaulted by a fellow passenger.

In the present case, respondent had a right to assume that the people whom he found riding in the smoking car would be orderly and would not interfere with him as a passenger. He was just as much entitled to take a seat and remain unmolested in that car as in any other car on the train. He not only did nothing to aggravate or provoke the assault upon him, but on the contrary, simply tried to ward off the blows and prevent any serious injury. The man who assaulted him may have had no serious intention of doing him bodily harm. He was intoxicated, and in that condition which, no doubt,

caused him to feel that he was doing something smart for the entertainment of his companions. But pulling off a man's hat and striking him on his head, with his hat or hand, even for the purpose of merely creating amusement, is no less an assault than if his intention had been to do him physical harm. If, after his attention had been called to the disturbance, the conductor had taken reasonable precautions to prevent its continuance, then there would be no liability.

The evidence is to the effect that he did nothing to stop the disturbance. On the contrary, he left the car with the remark that nothing could be done with a man with whiskey in him, which was equivalent to saying that the passenger would have to put up with such annoyances as drunkenness. He was informed of what had been going on. He knew the condition of the man, knew that he was drunk, and gave that as an excuse for not interfering. So, in leaving the car without doing anything to prevent a renewal of the disturbance, it would be fair to assume that he did not intend to take any steps to interfere, and that he expected respondent to put up with it. We think the case comes within the rules of law laid down in the Mullan case and in Lucy v. Chicago Great Western Ry. Co., 64 Minn. 7, 65 N. W. 744, 31 L.R.A. 551. It was a question of fact for the jury to determine whether or not the company exercised that degree of care for its passengers which was reasonably practicable under the circumstances.

Granting that respondent was not permanently or seriously injured, that alone is not a prerequisite for the recovery of damages for an assault of that character. Wounded feelings, or humiliation, are as much grounds for damages as physical injury. Such treatment may cause acute mental anguish, and the extent of such suffering naturally differs with the disposition and condition of different persons. An elderly man of the clerical profession might feel much more humiliated, and feel the loss of protection under such circumstances more, than one accustomed to mingle with such rough characters. It is the general rule that not only bodily pain, but mental suffering, anxiety, suspense, fright, sense of wrong from insult or injury, connected with bodily injury, may be considered, when the facts will justify it, as an element of the injury for which dam-

ages for compensation should be allowed. 3 Sutherland, Damages, p. 259; Head v. Georgia, 79 Ga. 358, 7 S. E. 217, 11 Am. St. 434; Mentzer v. Western Union, 93 Iowa, 752, 62 N. W. 1, 28 L.R.A. 72, 57 Am. St. 294. It is unnecessary to consider whether mental anguish alone, without some personal injury, can be the basis of damages; but under the evidence there was undoubtedly some physical injury, although not of a serious or lasting character.

This is not a case which requires the return of only nominal damages. The injury cannot be said to be so trivial as to justify no compensatory damages, and the amount as fixed by the court, considering respondent's age, his profession, and the manner in which he was treated, cannot be considered as excessive.

Affirmed.